LNE 1.24.25
JGO: USAO# 2024R00663





IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | CRIMINAL NO. GLR 25cr21 |
|---|---|
| v. | (Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(5)(A); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)) |
| ERIK FERNANDO LOZANO COLINDREZ, | |
| Defendant. | |

## INDICTMENT

### COUNT ONE
(Possession of Firearms and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about November 15, 2024, in the District of Maryland, the defendant,

**ERIK FERNANDO LOZANO COLINDREZ,**

knowing he was an alien illegally or unlawfully in the United States, knowingly possessed two firearms – that is, one Johnson Arms & Cycle Works .32 caliber revolver bearing serial number 17146, and one black 9mm polymer pistol bearing no serial number – and approximately twenty-three rounds of ammunition, to wit, two rounds of .32 caliber S & W ammunition, eight rounds of CBC 9mm Luger ammunition, and thirteen rounds of Winchester 9mm Luger ammunition, and the firearms and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(5)(A)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) in the event of the defendant's conviction under Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

**ERIK FERNANDO LOZANO COLINDREZ,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense, including but not limited to:

   a. a Johnson Arms & Cycle Works .32 caliber revolver bearing serial number 17146, equipped with an extended magazine;

   b. an additional firearm magazine;

   c. a black 9mm polymer pistol bearing no serial number;

   d. approximately two (2) rounds of .32 caliber S & W ammunition;

   e. approximately eight (8) rounds of CBC 9mm Luger ammunition; and

   f. approximately thirteen (13) rounds of Winchester 9mm Luger ammunition.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Erek L. Barron_ /JGO
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

2-5-25
Date